# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br>     v.<br><br>JUAN JOSE SALAZAR TORRIJOS<br>            Defendant. | Case No.: 13-CR-2085-L<br><br>ORDER DENYING MOTION FOR EXPUNGEMENT [ECF NO. 45.] |
|---|---|

On August 25, 2023, Defendant Juan Jose Salazar Torrijos ("Defendant") filed a Motion for Expungement [ECF No. 45] requesting that the Court "issue a formal Order that the arrest for the offenses, the institution of criminal proceedings against the defendant in Federal Court, and the results thereof, be expunged from all official records." (Mot. at 2).

A request to expunge "asks that the court destroy or seal the records of the fact of the defendant's conviction and not the conviction itself." *United States v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004). The Court has "ancillary jurisdiction to expunge criminal records," but may not do so "solely for equitable considerations." *United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000); *see also Crowell*, 374 F.3d at 793. Typically, "a district court's ancillary jurisdiction is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error," *Sumner*, 226 F.3d at 1014, and even then

"only in extreme circumstances," *United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991). The Court engages in a balancing test to determine whether extreme circumstances exist, considering whether the harm to the individual is so greatly outweighed by the government's interest "in maintaining the individual's criminal record" to warrant expungement. *Doe v. United States*, 964 F. Supp. 1429, 1434 (S.D. Cal. 1997).

Salazar Torrijos' sole argument for expungement is that because he "complied with the period of supervis[ed] release order[ed] by the U.S. District Court for the Eastern District of Virginia"—meaning he "completed the order[ed] Supervised Probationary Period"—his arrest, criminal proceedings, sentencing, and records relating to these events, should be expunged. [ECF No. 45 at 1.] Nowhere in the motion does Defendant allege that the arrest was unlawful or that there was any clerical error that needed to be corrected. *See Sumner*, 226 F.3d at 1014. Because Defendant has not alleged any facts, and the Court has not observed any in the record, which suggest there was an unlawful arrest or conviction or a clerical error, or that equitable consideration favor expungement, the motion is DENIED.

**IT IS SO ORDERED**.

Dated:  November 13, 2023

Hon. M. James Lorenz
United States District Judge